COOPER, WHITE & COOPER LLP
WILLIAM H. G. NORMAN (SBN 49942)
  wnorman@cwclaw.com
JILL B. ROWE (SBN 197713)
  jrowe@cwclaw.com
EDWARD L. SEIDEL (SBN 200865)
  eseidel@cwclaw.com
201 California Street, 17th Floor
San Francisco, California 94111
Telephone: (415) 433-1900
Facsimile: (415) 433-5530

Attorneys for TONY MANNING

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| In re:<br><br>973 MARKET ASSOCIATES, LLC,<br><br>Debtor. | CASE NO. 09-32014 DM 7<br><br>**REPLY BRIEF IN SUPPORT OF MOTION TO MODIFY PROTECTIVE ORDERS**<br><br>Date: April 8, 2011<br>Time: 10:00 a.m.<br>Dept: 22<br>Hon. Dennis Montali |

## I. INTRODUCTION

By its untimely Opposition to interested party Tony Manning's Motion To Modify Protective Orders, 1) Performing Arts, LLC fails to meet its burden to show good cause as to why the Protective Order should not be modified and 2) Performing Arts inappropriately seeks to prevent Mr. Manning from preparing a defense in the State Court action. Furthermore, the Stipulated Protective Order between Marin Mortgage Bankers ("MMB") and Michael Murray should be lifted because no Opposition was filed at all as to that Order.

Finally, as an interested party and a contingent creditor, Mr. Manning has standing to bring this Motion.

## II. ARGUMENT

Manning's Motion should be granted for the following four (4) reasons:

1. The *Beckman* case, cited in both Manning's papers and in the Opposition, makes it clear that "Ninth Circuit precedent strongly favors disclosure to meet the needs of parties in pending litigation" and "that the party opposing modification should have the burden of showing 'good cause' for continued protection." *Beckman* at 475. Performing Arts does not dispute that it must carry this burden, nor does it address this issue – instead embarking on an inaccurate and irrelevant discussion of the standards of a motion to compel in state court.[1] Indeed, <u>Performing Arts makes no argument at all as to why it requires continued protection</u>, instead avoiding the issue entirely by simply claiming it entered into a Protective Order in good faith. It submits no evidence, by declaration or otherwise, as to what legitimate interests in privacy it claims to have, nor does it claim that those interests, if they exist at all, cannot be protected by putting the Manning under the same restrictions as those contained in the original protective order. *Id*. The fact that Manning had no opportunity to be heard when the blanket Protective Orders were entered also strongly supports disclosure under these circumstances. Because Performing Arts fails to meet its burden, Manning respectfully requests that the Court grant his Motion.

2. Performing Arts' main argument against modification is its unsupported and inaccurate allegations that Manning does not have legitimate affirmative defenses in the State Action – defenses which include fraud, exoneration by United Commercial Bank and, most relevant to this Motion, Performing Arts' purchase of the guarantee with unclean hands. Manning's defenses will ultimately be decided by a judge or jury, and until that point, Manning has the right to pursue information that supports his defenses. Performing Arts makes no showing

---

[1] Performing Arts attacks the supporting declaration, yet submits no declaration of its own and makes several factual allegations about Mr. Manning. No further comment is required at this time because such statements are irrelevant to this Motion, but these allegations are, at best, inaccurate.

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

of how it would suffer any unfair prejudice by allowing Manning access to the transcripts. Performing Arts' Opposition appears designed to prevent Manning from conducting discovery in the State Action, while inaccurately and inappropriately claiming that Manning is somehow preventing discovery in the State Action.[2] This game of "hide the ball" should come to an end. If Performing Arts has nothing to hide, then the deposition transcripts and discovery should be produced.

3. It is of note that there are two Stipulated Protective Orders relevant to this Motion – one between Performing Arts and Murray (Docket No. 88) and one between Marin Mortgage Bankers and Murray (Docket No. 87). Neither MMB nor Murray filed any Opposition to this Motion. Moreover, neither party opposed the underlying motions to compel in the State Court. Therefore, at an absolute minimum, the Stipulated Protective Order between Murray and MMB should be lifted.

4. Finally, Performing Arts claims that Manning does not have standing to bring this Motion. As a purported guarantor of debtor 973 Market Associates, Manning has standing as an interested party and a contingent creditor, as any satisfaction of Performing Arts' claims against the debtor reduces any alleged claim against Manning. Therefore, Manning, respectfully requests that this Court exercise its authority as a court of equity and rule on Manning's Motion. Of course, to the extent that the Court instructs Manning to take any further steps to confirm his standing to make this Motion, Manning respectfully request the opportunity to take those steps such that he may be heard on the merits of this Motion.

### III. CONCLUSION

Because the discovery here is sought to meet the "reasonable needs of other parties in other litigation." and because there has never been a "good cause" showing under Fed.R.Civ.P. 26(c) justifying initial protection of the transcripts, a decision to modify the Stipulated Protective Orders

---

[2] Performing Arts has not filed any motions to compel discovery in the State Action and even if it is contemplating such motions, they are irrelevant to this issue of whether the Protective Orders should be modified.

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111

is appropriate. It is especially appropriate considering the non-opposition by MMB and Murray as to their Stipulated Protective Order. As a result of all of the above, Manning respectfully requests that this Court modify the two Stipulated Protective Orders such that disclosure of the transcripts and discovery taken subject to those Stipulated Protective Orders be permitted to be disclosed to Manning such that he may present a complete defense in the related State Court action.

DATED: April 1, 2011                    COOPER, WHITE & COOPER LLP


                                        By:  */s/ Edward L. Seidel*
                                             Edward L. Seidel
                                             Attorneys for TONY MANNING

652681.1
Case: 09-32014    Doc# 158    Filed: 04/01/11    Entered: 04/01/11 10:36:05    Page 4 of 4
REPLY IN SUPPORT OF MOTION TO MODIFY PROTECTIVE ORDERS

COOPER, WHITE
& COOPER LLP
ATTORNEYS AT LAW
201 CALIFORNIA STREET
SAN FRANCISCO, CA 94111